**JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS,**
Petitioner–Appellee,

and

**Colorado State Board of Assessment Appeals, Appellee,**

v.

**PROPERTY TAX ADMINISTRATOR,**
Respondent–Appellant,

and

**Lutheran Medical Center,**
Intervenor–Appellant.

No. 98CA0248.

Colorado Court of Appeals,
Div.V.

June 24, 1999.

Certiorari Denied Dec. 6, 1999.

Frank J. Hutfless, Jefferson County Attorney, Patricia W. Gilbert, Assistant County Attorney, Golden, Colorado, for Petitioner–Appellee Jefferson County Board of County Commissioners and Appellee Colorado State Board of Assessment Appeals.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Larry A. Williams, First Assistant Attorney General, Denver, Colorado, for Respondent–Appellant Property Tax Administrator.

Parcel, Mauro & Spaanstra, P.C., James D. Butler, Denver, Colorado; Holme Roberts & Owen, LLP, William A. Skewes, II, Denver, Colorado, for Intervenor–Appellant Lutheran Medical Center.

Opinion by Judge ROTHENBERG.

Respondent, Property Tax Administrator and intervenor, Lutheran Medical Center (Medical Center), appeal the order of the Colorado Board of Assessment Appeals (Board of Assessment) granting a property tax exemption for portions of three medical office buildings (Offices). We affirm.

The Offices are owned by and located on the campus of Lutheran Medical Center, a Colorado nonprofit corporation. Lutheran Hospital, another Colorado nonprofit corporation, is also located on the campus of the Medical Center. The Medical Center is the sole owner of Lutheran Hospital and exercises complete control over it.

Lutheran Hospital is licensed by the State of Colorado as a health care facility, but neither the Medical Center nor the Offices are licensed health care facilities. The Offices house some facilities that are owned and operated by the Medical Center, but the remainder of the Offices are occupied by private physicians who are staff members of the Medical Center.

The Medical Center applied for a property tax exemption for the Offices. Initially, the tax administrator determined that the Offices were fully exempt. On appeal to the Board of Assessment, the Board of County Commissioners (Commissioners) did not contest the exemption pertaining to those portions occupied by the Medical Center facilities. Accordingly, that part of the exemption is not at issue.

However, the Commissioners did challenge the tax exemption given to the remaining portions of the Offices which were occupied by other tenants. On review, the Board of Assessment agreed with the Commissioners and concluded that the disputed portions of the Offices were not exempt from property taxation. It thus overturned that part of the administrator's decision ruling otherwise.

Challenging the denial of tax exemption for the Offices, the Medical Center contends the Board of Assessment erred in determining that the Offices were not entirely tax exempt. We disagree.

The standard of review of agency actions is set forth in § 24-4-106(7), C.R.S.1998. As relevant here, it states that:

If the court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capricious, ... an abuse or clearly unwarranted exercise of discretion, based upon findings of

fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action....

*See McClellan v. Meyer,* 900 P.2d 24 (Colo. 1995).

■ The burden is on the taxpayer to present evidence supporting the exemption. *West Brandt Foundation, Inc. v. Carper,* 652 P.2d 564 (Colo.1982).

Here, the parties have stipulated that the Offices were entitled to the property tax exemption, if at all, under §§ 39–3–108(1)(b) and 39–3–108(3), C.R.S.1998.

The relevant portion of § 39–3–108(1)(b) provides a tax exemption for real and personal property used exclusively for charitable purposes if:

> Such property is *licensed* by the state of Colorado *as a health care facility.*

Section 39–3–108(3) provides:

> (a) When any *property of a health care facility,* real or personal, *or any portion thereof, which is otherwise exempt* from the levy and collection of property tax *pursuant to the provisions of paragraph (b) of subsection (1)* of this section, is used for any purpose other than the purposes specified in sections 39–3–106 to 39–3–113, such property or portion thereof shall be exempt from the levy and collection of property tax if the use of the property or portion thereof does not result in gross income derived from any unrelated trade or business to the owner which is in excess of fifteen percent of the total gross revenues derived from the operation of the property. (emphasis added)

Thus, under the plain language of the statute, one portion of the Offices may be exempt while another portion is taxable. *See* § 39–3–129, C.R.S.1998 (proportional valuation – exempt property); § 39–3–132, C.R.S.1998 (portion of property becomes tax-exempt).

■ The Medical Center, nevertheless, asserts that, if any part of the Offices are occupied by a licensed health care facility and exempt, then the property as a whole

should be exempt, as long as it meets the fifteen percent limitation in § 39–3–108(3)(a). In support of its argument, it relies on Department of Local Affairs Rule IV.B.6, 8 Code Colo. Reg. 1304–2, which states that: "For the purposes of 39–3–108(3) a 'property' will consist of any single parcel of real property as indicated in the records of the county assessor...."

But, § 39–3–108(3)(a) specifically requires that, before the fifteen percent provision is triggered, the property or "any portion thereof" must be licensed by the state as a health care facility, and here, the portions of the Offices at issue are not themselves licensed health care facilities. Nor are they owned by an entity that is a licensed health care facility.

For that reason, we conclude that the Offices do not satisfy § 39–3–108(1)(b) and, therefore, that the fifteen percent provision found in § 39–3–108(3)(a) is inapplicable. Our conclusion is consistent with the interpretation of the Division of Property Taxation (Division) in its Exemptions' Section Memo Manual (Manual). Under the Division's interpretation, § 39–3–108(3)(a) applies only *if* the property first qualifies under § 39–3–108(1)(b).

The Medical Center also points to the Division's policy in the Manual to exempt property pursuant to § 39–3–108(1)(b) if the property is an integral part of a property which is licensed. The Division defines "integral" as "necessary to the whole." Under that policy, the Offices could be exempted from property tax if they are integral to Lutheran Hospital, which is a licensed health care facility.

However, following a hearing, the Board of Assessment found that the Offices were helpful and convenient for patients and physicians, but were not integral to Lutheran Hospital. More specifically, the Board determined that the Offices were not necessary to the hospital's functions. Because the evidence in the record substantially supports this finding, and the finding is not clearly erroneous or contrary to law, we must affirm the Board of Assessment's order. *See* 24–4–106(7), C.R.S.1998.

We do not address the constitutionality of the statutory provisions, and, given our conclusion, we also do not address the Medical Center's remaining contentions.

Order affirmed.

Judge TAUBMAN and Judge ROY concur.